UNITED STATES *v.* F. W. MYERS & CO., INC.

**No. 7539.**—Invoice dated Montreal, Canada, July 2, 1946.
Certified July 5, 1946.
Entered at Rouses Point, N. Y., August 2, 1946.
Entry No. A-715.

(Decided February 11, 1948)

*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the plaintiff.
*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for the defendant.

COLE, Judge: The collector of customs at Rouses Point, N. Y., appealed for reappraisement of artificial flower press machines, claiming a foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), of $300, plus 8 per centum Canadian tax, as against an entered value of $110.86, accepted by the appraiser as statutory cost of production, section 402 (f) of the Tariff Act of 1930 (19 U. S. C. § 1402 (f)), which he regarded to be the proper basis for appraisement.

The machines in question were shipped from the manufacturer, Efficiency Production Machines Registered of Montreal, Canada, for installation in plants located in New York City.

The issue before me is whether the machines should be appraised on the basis of cost of production, section 402 (f), *supra,* as found by the appraiser, or whether there was, at the time of exportation thereof, a foreign value therefor, section 402 (c) as amended, *supra,* as claimed by plaintiff.

It should be emphasized, at the outset that the Government, as the appealing party, has assumed the burden of meeting every material issue involved in the case.

Plaintiff offered in evidence a report, exhibit 1, prepared by Treasury Representative F. H. Bunting. Practically all the information disclosed therein was secured from I. Sulkin, the inventor of the artificial flower presses under consideration, and the sole owner of the Canadian exporter. Said report shows that at the time of exportation of the merchandise in question, identical machines were sold in Canada, in the principal market of Montreal, in the usual wholesale quantity (one machine), at the price of $300, plus Canadian taxes. Copies of sales, set forth in the report, support the statements concerning the selling price in Montreal. Sales in the foreign market for home consumption were made "to manufacturers only, who used these machines in their own business." [Italics mine.]

Irving Sulkin, the same individual named in the report, exhibit 1, supra, appeared on behalf of the defendant. His testimony is in effect a clarification of the sales price in the Canadian market, as reported in said exhibit 1. He explained that all of his sales were made with an understanding between the customer and himself that the price of $300 included delivery and installation charges, described by the witness as follows: "I delivered the machines to the premises and installed them properly. They had to be set up and assembled, and also I had to go to the trouble of rearranging the pulleys for the ordinary machines to suit the purpose of these machines." - He stated further that his service included instruction of the purchaser's operators concerning use of the machine, and altogether the job required the time of two men who "took about a day and a half to two days." He was unable to give the cost of delivery and installation charges, saying "I didn't take that into consideration."

The witness' admission that "these machines were absolutely different from any others" removes from the present discussion any consideration concerning availability of similar merchandise, United States v. Irving Massin & Bros., 16 Ct. Cust. Appls. 19, T. D. 42714.

Counsel for plaintiff, in their brief, argue to the effect that the price given in the customs agent's report, exhibit 1, supra, should be accepted as the foreign value, section 402 (c), as amended, supra, contending that it is "the freely offered price for home consumption to all purchasers in the principal markets of the Dominion of Canada, in the usual wholesale quantity of one machine and in the ordinary course of trade." [Italics mine.]

The record does not support such a conclusion. The absence of positive proof that the foreign market was an open one in which all who were willing to purchase could buy, is fatal. United States v. Malhame & Co., 24 C. C. P. A. 448, T. D. 48911. Said report, saying that sales for domestic consumption were made to "manufacturers only," carries the inference that the Canadian market was a restricted one, in which sales were limited to a particular class of purchasers.

The doubt, that such a condition existed, created by the report referred to, was not removed, in the slightest degree, in the oral testimony of the Canadian manufacturer.

Accordingly, I find that plaintiff has failed to establish all the essential elements required under the statutory definition of foreign value, section 402 (c) as amended, *supra*, and therefore hold the appraised value, presumptively correct under section 501 of the Tariff Act of 1930 (19 U. S. C. § 1501), to be the proper dutiable value of the artificial flower press machines in question. Judgment will be rendered accordingly.